IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01755-WYD-CBS

LARSEN LP;
ROBERT E. LONG, TRUSTEE, TRUST A. U/W/O CHARLES F. URSCHEL, JR.;
WENDY U. LARSEN, TRUSTEE, TRUST B U/W/O CHARLES F. URSCHEL, JR.,

     Plaintiff(s),

v.

MARCELLA LARSEN, F/K/A MARCELLA LARSEN CHILSON, INDIVIDUALLY, AND AS THE TRUSTEE OF THE 1991 LARSEN IRREVOCABLE TRUST,

     Defendant(s)

RAYMOND GOTFREDSON; and
TRIM WORK SPECIALTY, INC.

     Intervenors.

## ORDER DIRECTING REMAND

THIS MATTER is before the Court on the Notice of Removal filed by Raymond Gotfredson and Trim Work Specialty, Inc., on September 8, 2005 ("Gotfredson & Trim Work").  Because the Court believed that there may be questions about the propriety of the removal, the Court ordered any party with objections to file the same with the Court no later than Friday, September 30, 2005.  Plaintiffs filed a Motion to Remand on September 23, 2005, and Defendants filed an Objection to Removal on September 30, 2005.  Gotfredson and Trim Work filed a combined Response to Plaintiff's Motion to Remand and Marcella Larsen's Objection to Removal on October 13, 2005.  Finally, Plaintiffs filed a Reply in support of their Motion to Remand on October 28, 2005, and

Defendants filed a Reply in Support of Objection to Removal on October 28, 2005. After careful consideration of the parties' briefs, I conclude that the removal was improper and that this case should be remanded to the District Court for the County of Boulder, Colorado.

I.   BACKGROUND

Plaintiffs commenced this action on August 31, 2005, in the District Court for Boulder County, Colorado.  According to the Complaint, Plaintiffs and Defendants participated in an arbitration in February and May of 2005 in order to resolve a dispute concerning damage to property in Pitkin County, Colorado.  At the conclusion of the arbitration, Plaintiffs were awarded damages in the amount of $4,813,354.61 as well as attorney fees and costs of $86,385.21.  Plaintiffs seek confirmation of the arbitration award pursuant to C.R.S. § 13-22-21 (2003), which states that "[u]pon application of a party, the court shall confirm an award, unless within the time limits imposed in this part 2 grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 13-22-214 and 13-22-215."

On September 8, 2005, Gotfredson and Trim Work moved to intervene in the state court action pursuant to Colo. R. Civ. P. 24, and filed a pleading entitled "Intervenors' Claims and Defenses."  In the motion to intervene, Gotfredson and Trim Work asserted that Plaintiffs and Defendants improperly colluded with one another to obtain the resulting arbitration award in an effort to get a quick judgment that they could enforce against Gotfredson and Trim Work pursuant to an indemnity agreement between Gotfredson and Trim Work and Defendants.  Gotfredson and Trim Work

stated that they had filed an action against Plaintiffs and Defendants in the United States District Court, District of Colorado, civil action 05-cv-01415-MSK-OES, seeking, among other things, a declaratory judgment that the arbitration award is void and unenforceable. The claims asserted by Gotfredson and Trim Work in civil action number 05-cv-01415-MSK-OES are the same claims asserted by them in their Intervenors' Claims and Defenses. Before the State Court ruled on the motion to intervene, Gotfredson and Trim Work filed a Notice of Removal in this Court asserting that the Intervenors' Claims and Defenses are "separate and independent claims or causes of action within the jurisdiction conferred by 28 U.S.C. § 1331, permitting the entire case to be removed pursuant to 28 U.S.C. § 1441(c)." The Notice of Removal further states that because Plaintiffs are citizens and residents of the States of Texas and Florida, and Defendant is a citizen and resident of the State of Colorado, this Court has original jurisdiction under 28 U.S.C. § 1332(a), and this action is removable under 28 U.S.C. § 1441(a). Gotfredson and Trim Work contend that this case should be removed and consolidated with civil action number 05-cv-01415-MSK-OES.

II.     ANALYSIS

There is a presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and statutes conferring jurisdiction upon the federal courts, particularly removal statutes, are to be narrowly construed." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). If there is any ambiguity as to whether removal is appropriate, I must adopt a reasonable, narrow construction of the applicable removal statute. *Pritchett*, 420 F.3d at 1095.

Plaintiffs and Defendants both object to removal of this case and assert that Gotfredson and Trim Work have no standing to seek removal because leave to intervene has not yet been granted and they are not yet parties to the case.  I agree with Plaintiffs and Defendants and I seriously question whether Gotfredson and Trim Work have standing to file the Notice of Removal.  Gotfredson and Trim Work filed their motion to intervene the same day they filed the Notice of Removal, and the motion to intervene was never granted.  Thus, at the time they filed the Notice of Removal, Gotfredson and Trim Work were not parties to this case.

However, even if Gotfredson and Trim Work had been granted leave to intervene prior to filing the Notice of Removal, Plaintiffs and Defendants assert that they would have no ability to remove because they are properly classified as plaintiffs in this action and only defendants may remove.  Gotfredson and Trim Work contend that they are the true and only defendants in this case. According to Gotfredson and Trim Work, "the sole purpose of this lawsuit is to confirm an arbitration award to reduce it to a judgment to execute against the 'indemnitors' and their insurance policies."

The parties have not cited any authority from the Tenth Circuit regarding the power of an intervenor or putative intervenor to effect removal.  Pursuant to 28 U.S.C. 1446(a), removal is authorized only by state court defendants, and only on the basis of claims brought *against* them; not on the basis of counterclaims, cross-claims, or defenses asserted *by* them.  14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, § 3731, pp. 251 -53 (3d. ed. 1998).  This is the case whether removal is sought pursuant to 29 U.S.C. § 1441(a) or (c).  However, a

court may realign the parties after ascertaining their real interests for purposes of determining whether a true "defendant" is seeking removal. *Chicago R.I. v. P.R. Co.*, 346 U.S. 574, 580 (1954)*; Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1387 (10th Cir. 1978); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, § 3731, pp. 255-56 (3d. ed. 1998).

While I can find no Tenth Circuit authority directly on point, other federal district courts have concluded that an intervenor who is aligned as a plaintiff has no right to remove. *Carlton v. Withers*, 609 F.Supp. 146, 149-50 (M.D. La. 1985). I find that even if Gotfredson and Trim Work were permitted to intervene in this case, they are aligned as plaintiffs in this action and have no ability to remove. Neither Gotfredson nor Trim Work is mentioned in Plaintiffs' state court Complaint. Gotfredson and Trim Work have voluntarily intervened in this matter in order to assert claims against both the Plaintiffs and Defendants based on their contention that Plaintiffs and Defendants improperly colluded to obtain the arbitration award. The only "separate and independent" claim in this matter that falls within the jurisdiction conferred by 28 U.S.C. § 1331 is the federal RICO claim Gotfredson and Trim Work have asserted against Plaintiff Larsen LP, Plaintiff Robert E. Long, Plaintiff Wendy U. Larsen and Defendant Marcella Larsen as their Fourth Claim for Relief in their Intervenors' Claims and Defenses.[1] As discussed above, the claims asserted in the Intervenors' Claims and Defenses are identical to the

---

[1]In their Combined Response to Plaintiffs' Motion to Remand and Marcella Larsen's Objection to Removal, Gotfredson and Trim Work assert that they have a cognizable claim against Plaintiffs and Defendants under 42 U.S.C. § 1983. Even if Gotfredson and Trim Work could bring such a claim, it would not impact the analysis herein.

claims Gotfredson and Trim Work have brought against Plaintiffs and Defendants in a separate federal court action.  I am persuaded by cases from other jurisdictions finding that where an intervenor voluntarily interjects himself into an action as the aggrieved party, rather than being involuntarily brought in as a defendant, he is not a true "defendant" and has no right to remove the case from state court.  *J. Baxter Brinkman Oil & Gas Corp. v. Thomas*, 682 F.Supp. 898, 901 (N.D. Tex. 1988).  Moreover, where the sole basis for removing the action is the claim raised by the intervenors through their intervention, removal is not appropriate.  16 *Moore's Federal Practice - Civil*, § 107.11[1][b][v] (3d ed. 2005); *Smith v. St. Luke's Hospital*, 480 F.Supp. 58, 61 (D. S.D. 1979) (intervention by a party with a cause of action cognizable in federal court cannot serve as a basis for removal).  Based on the foregoing authorities, and consistent with the presumption against removal, I find that Gotfredson and Trim Work have no ability to effect removal of this case.[2]

I now turn to Plaintiffs' and Defendants' request that I assess attorney fees and costs pursuant to 28 U.S.C. § 1447(c) based on their contention that this mater was improvidently removed.  In the Tenth Circuit, a decision whether to award attorney fees and costs under § 1447(c) when a case is remanded to state court is within the sound discretion of the district court.  *Wallic v. Owens-Corning Fiberglass Corp.*, 40 F. Supp.2d 1185, 1189 (D. Colo. 1999) (citing *Suder v. Blue Circle, Inc.*, 116 F.3d 1351,

---

[2]Gotfredson and Trim Work appear to have abandoned their argument that removal of this case would be proper under 28 U.S.C. § 1441(a).  In any event I note that even if Gotfredson and Trim Work were classified as defendants, removal would not be proper under § 1441(a) because both Gotfredson and Trim Work are citizens of Colorado.

1353 (10th Cir.1997)).  While I agree with Plaintiffs and Defendants that the removal was improper, I find that the Notice of Removal in this case was not so unreasonable and vexatious as to justify the imposition of attorneys fees and costs.

In conclusion, for the reasons discussed above, the Notice of Removal is improper and this case must be remanded to state court.  Accordingly, it is hereby

ORDERED that this matter be **REMANDED** to District Court for the County of Boulder, State of Colorado.

Dated:  November 16, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge